James Kaste (Wyo. Bar No. 6-3244)
Deputy Attorney General
Travis Jordan (Wyo. Bar No. 7-5721)
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
james.kaste@wyo.gov
travis.jordan@wyo.gov

*Attorneys for Petitioner State of Wyoming*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING,<br><br>    Petitioner,<br><br>    v.<br><br>THE UNITED STATES DEPARTMENT OF INTERIOR; DEBRA ANNE HAALAND, in her official capacity as Secretary of Interior; THE BUREAU OF LAND MANAGEMENT; NADA CULVER, in her official capacity as acting Director of the Bureau of Land Management; and KIM LIEBHAUSER, in her official capacity as the acting Wyoming State Bureau of Land Management Director,<br><br>    Respondents. | Civil No. _____ |

## PETITION FOR REVIEW OF FINAL AGENCY ACTION

The State of Wyoming, pursuant to Local Rule 83.6, hereby petitions the Court for review of the Secretary of Interior's de facto moratorium on all federal oil and gas lease sales in Wyoming and across the nation.

## INTRODUCTION

The Secretary, through the U.S. Department of Interior and the Bureau of Land Management (collectively the Secretary), has indefinitely suspended all federal oil and gas lease sales in response to President Biden's Executive Order 14008, *Tackling the Climate Crisis at Home and Abroad*, on January 27, 2021. *See* 86 Fed. Reg. 7619 (Feb. 1, 2021). Rather than taking this action publically and transparently, however, the Secretary has instead instituted a de facto moratorium on all federal oil and gas lease sales on the public lands through a series of individual lease sale postponements and cancellations in Wyoming and across the nation. Regardless of the clever scheme employed to shroud the Secretary's action from both public view and judicial review, this de facto moratorium in furtherance of the Executive Order is final agency action that has already caused and will continue to cause significant and irreparable harm to Wyoming.

The Secretary's de facto moratorium on federal oil and gas lease sales is patently unlawful and must be set aside. The moratorium: (1) is an unlawful mineral withdrawal under the Federal Land Policy and Management Act; (2) violates the applicable Resource Management Plans which have designated specific areas of the public lands as open to oil and gas leasing; (3) violates the Mineral Leasing Act and its implementing regulations requiring quarterly lease sales; (4) violates the Administrative Procedure Act; and (5) violates the National Environmental Policy Act by failing to consider the environmental impacts of suspending federal oil and gas leasing **before** taking that action. The National Environmental Policy Act requires federal agencies to look before they leap, but here the Secretary did not pause to consider the many environmental and socioeconomic consequences of instituting this moratorium. Simple belief that an action is good for the environment does not justify skipping the environmental review required by law.

This moratorium might make for a nice headline about fighting climate change, but the real consequences of the action are far from certain and far from uniformly environmentally friendly. Had the Secretary followed the law before instituting this moratorium, this administration and the public could have had an honest and fair debate about whether the speculative benefits of closing the public lands to leasing outweigh the substantial costs and devastating effects on Wyoming and the nation. Had the Secretary followed the law, the public could have had an informed debate about whether it makes good sense and a bit of difference to move production from public lands where the strictest environmental regulations apply, to private lands and foreign countries where the same rules do not apply. But the Secretary ignored the law and in so doing cut the people of this country and the several sovereign states out of the process.

Elections do have consequences, but an election does not give the President or the Secretary a mandate to proceed in defiance of the laws of the United States. A President cannot order the Secretary to take far reaching actions of national consequence without any public process, fact finding, environmental review, or even an explanation. For all these reasons, the Court should enjoin and set aside the Secretary's de facto moratorium. The indiscriminate suspension of federal oil and gas leasing is contrary to law and arbitrary and capricious.

**JURISDICTION AND GROUNDS FOR RELIEF**

1. This Court has jurisdiction over this Petition under 28 U.S.C. § 1331 because the claims presented arise under federal law and 5 U.S.C. §§ 702 and 706 which waive the Secretary's sovereign immunity.

2. Venue is proper in this Court under 28 U.S.C. § 1391(e) because Petitioner, the State of Wyoming, resides within the District of Wyoming and because a substantial part of the property subject to the action is situated in the District of Wyoming.

3. The State of Wyoming challenges the Secretary's final agency action suspending federal oil and gas leasing, including the postponement of the March 2021 Wyoming oil and gas lease sale. Regardless of the label, the Secretary's action to pause, postpone, cancel, or otherwise suspend federal oil and gas lease sales is a moratorium and is a final agency action subject to review in this Court. *See Western Energy Alliance v. Jewell*, 1:16-cv-912, 2017 WL 3600740, at *14 (D.N.M. Jan. 13, 2017) (finding agency action includes compelling the Bureau of Land Management to comply with quarterly leasing requirements in the Mineral Leasing Act).

4. The Secretary's action is in fact a moratorium because Executive Order 14008 orders the Secretary to "pause new oil and natural gas leases on public lands or in offshore waters." 86 Fed. Reg. 7619, 7624-25 (Feb. 1, 2021). Legal consequences flow from executive actions which suspend or authorize an entire class of activity on federal land and constitute final agency action subject to review by this Court. *See, e.g., Citizens for Clean Energy v. U.S. Dep't of Interior*, 384 F. Supp. 3d 1264, 1280-81 (D. Mont. 2019) (finding that revocation of a coal leasing moratorium is a final agency action) (citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).

5. The Secretary implemented the moratorium when the Secretary postponed scheduled federal oil and gas lease sales. Absent a formal order, the Secretary's action halted pending 2021 quarterly Bureau of Land Management (BLM) and Bureau of Ocean Energy Management (BOEM) lease sales.

    a. On January 27, 2021, the same day President Biden issued Executive Order 14008, the Nevada BLM State Office issued an errata postponing the oil and gas lease sale scheduled for March 9, 2021.[1]

---

[1] https://www.blm.gov/sites/blm.gov/files/docs/2021-01/NV_OG_20210309_Sale_Errata_1.pdf

b.	On February 12, 2021, the Wyoming BLM State Office updated the posting for the March 2021 lease sale to note that the Wyoming lease sale was "postponed to confirm the adequacy of the underlying environmental analysis."[2] No further reasoning was provided for the postponement.

c.	On February 12, 2021, the Montana/Dakotas BLM State Office updated the posting for the March 23, 2021 lease sale to indicate that the scheduled sale was paused and/or postponed.[3]

d.	On February 12, 2021, the Utah and Colorado BLM State Offices announced that oil and gas lease sales scheduled for March 2021 were canceled and/or postponed.[4]

e.	On February 18, 2021, BOEM rescinded the record of decision for the March 17, 2021 Gulf of Mexico Outer Continental Shelf oil and gas Lease Sale 257 "to comply with Executive Order 14008." 86 Fed. Reg. 10132 (Feb. 18, 2021).

f.	On February 23, 2021, BOEM rescinded the public review period for the Cook Inlet, Alaska oil and gas Lease Sale 258 consistent with Executive Order 14008. 86 Fed. Reg. 10994 (Feb. 23, 2021).

g.	The BLM is required to post notices of competitive lease sales at least 90-days prior to conducting a competitive auction. 43 C.F.R. § 3120.4-1; BLM Manual 3120.52. Typically, the Wyoming BLM State Office posts those notices well before the 90-day deadline. To date, the Wyoming BLM State Office has yet to post a notice or

---

[2] https://eplanning.blm.gov/eplanning-ui/project/2003625/570
[3] https://eplanning.blm.gov/eplanning-ui/project/2002224/510
[4] https://eplanning.blm.gov/eplanning-ui/project/2003697/510; https://www.blm.gov/programs/energy-and-minerals/oil-and-gas/leasing/regional-lease-sales/colorado

environmental compliance documentation on the Wyoming lease sale scheduled for the third week of June 2021.

However cleverly disguised, the Secretary's action is subject to judicial review because the Secretary's implementation of Executive Order 14008 directly and immediately impacted scheduled oil and gas lease sales. *See Western Watersheds Project v. Zinke*, 336 F. Supp. 3d 1204, 1226-27 (D. Idaho 2018). As a final agency action, the Secretary's de facto moratorium is subject to review in this Court. 5 U.S.C. § 702; *see also Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1580 (10th Cir. 1994); *and* Local Rule 83.6(a)(1).

6.  The State of Wyoming has multiple, legally-protectable interests at stake in this litigation. Wyoming receives 48 percent of the bonuses, production royalties, and other revenues from oil and gas leasing on federal lands. *See* 30 U.S.C. § 191(a) & (b). Federal mineral leasing revenues distributed to Wyoming support public schools, highways, local governments, and the state's budget reserve account. The Secretary's action has deprived and will continue to deprive Wyoming of the revenue collected from bonus bids, rents, and other revenues associated with quarterly federal oil and gas lease sales including revenue from the postponed March 2021 Wyoming lease sale. The Secretary's action also denied the State of Wyoming and the public with an opportunity to participate in the decision-making process. The Federal Land Policy and Management Act (FLPMA) requires the Secretary to give notice and an opportunity to comment on public land management decisions. *See, e.g.,* 43 U.S.C. §§ 1739(e); 1712(f); & 1714(h). Similarly, a hallmark principle of the National Environmental Policy Act (NEPA) is to provide government entities and the public with meaningful opportunities to participate in federal actions that significantly impact the human environment. *See, e.g.,* 42 U.S.C. §§ 4331(a); 4332(C); *and* 40 C.F.R. § 1501.7.

7. The Secretary's action violated FLPMA by unlawfully withdrawing the entire public domain from federal oil and gas leasing. The Secretary's action falls squarely within the definition of "withdrawal" under FLPMA. *See* 43 U.S.C. § 1702(j); *Mountain States Legal Found. v. Andrus*, 499 F. Supp. 383, 390-91 (D. Wyo. 1980). The Secretary's withdrawal violated FLPMA by failing to comply with the procedural requirements of the Act. *See, e.g.,* 43 U.S.C. §§ 1714 and 1739(e).

8. The Secretary's action violates the existing land use plans, also known as Resource Management Plans (RMPs) and FLPMA. FLPMA and its implementing regulations require the Secretary to manage public lands in a manner that conforms to existing land use plans. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 69 (2004); *see also* 43 U.S.C. § 1732(a). "If a resource management plan authorizes oil and gas development on certain land parcels, BLM must sell leases for those parcels on a quarterly basis." *WildEarth Guardians v. Bernhardt*, --- F. Supp. 3d ---, 2020 WL 6701317, at *3 (D.D.C. Nov. 13, 2020) (citing 30 U.S.C. § 226(b)(1)(A); 43 C.F.R. § 3120.1-2). If changes are made to a land use plan, FLPMA requires the Secretary to complete a formal amendment process. 43 C.F.R. § 1610.5–5. The Secretary's action violates the RMPs and FLPMA because the Secretary failed to amend the existing land use plans **before** implementing Executive Order 14008.

9. The Secretary violated the Mineral Leasing Act (MLA) by suspending all federal oil and gas leasing. The MLA is intended to promote the orderly development of the oil and gas deposits in the publicly owned lands of the United States through private enterprise. *Harvey v. Udall*, 384 F.2d 883, 885 (10th Cir. 1967). The MLA and the associated regulations, with limited exceptions not present here, require quarterly lease sales. *See Western Energy Alliance v. Zinke*,

877 F.3d 1157, 1161 (10th Cir. 2017) (citing 30 U.S.C. § 226(b)(1)(A) *and* 43 C.F.R. § 3120.1-2(a)). The Secretary's action to suspend quarterly lease sales is contrary to law.

10. The Secretary's action was arbitrary and capricious because the Secretary failed to provide any reasoning for its decision to suspend federal oil and gas leasing. When an agency has not stated any reasons to support a decision, its decision is arbitrary and capricious for failure to "articulate a satisfactory explanation…." *Devon Energy Production Co. v. Gould*, 421 F. Supp. 3d 1213, 1221 (D. Wyo. 2019) (citing *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)). The Secretary's implementation of a nationwide policy upending the federal oil and gas leasing program required an explanation. *See Western Watersheds Project v. Zinke*, 441 F. Supp. 3d 1042, 1073 (D. Idaho 2020). Because the Secretary departed from prior policy *sub silentio* and failed to provide an explanation for the new policy, this Court may set aside the Secretary's action as arbitrary and capricious. *See F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *and* 5 U.S.C. § 706(2)(A).

11. The Secretary's action violated NEPA by failing to assess the environmental impacts of the Secretary's action **before** suspending all federal oil and gas lease sales. NEPA requires Federal agencies to take a "hard look" at the environmental impacts of major federal actions. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 348-50 (1989). Implementation of a nationwide policy is a major federal action that "significantly affect[s] the quality of the human environment" and in such circumstances NEPA requires the preparation of a detailed environmental impact statement. *See* 42 U.S.C. § 4332(2)(C); *see also* 40 C.F.R. § 1508.1(q)(3). The Secretary's decision to suspend federal oil and gas leasing without preparing an environmental impact statement violates NEPA and denied the State of Wyoming and the public

their right to participate in informed decision-making. *See Western Watersheds Project v. Zinke*, 441 F. Supp. 3d 1042, 1069-70 (D. Idaho 2020).

12. The Administrative Procedure Act (APA) requires courts to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Additionally, the APA requires courts to hold unlawful and set aside agency action found to be in excess of statutory jurisdiction, authority, or limitation, or short of statutory right. *Id.* § 706(2)(C).

13. The Secretary's action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

14. The Secretary's action failed to observe procedure required by law. 5 U.S.C. § 706(2)(D).

15. The Secretary unlawfully withheld agency action. 5 U.S.C. § 706(1).

16. For these and other reasons that will be more fully detailed in the State of Wyoming's merits briefs, the Secretary's action must be set aside.

WHEREFORE Petitioner requests that this Court:

A. Declare that the Secretary's action violates FLPMA, the MLA, NEPA, and the APA;

B. Set aside and vacate the Secretary's action;

C. Preliminarily and permanently enjoin the Secretary from implementing either formally, or as a matter of fact, a moratorium on federal oil and gas lease sales in Wyoming and across the nation;

D. Compel the Secretary to hold quarterly lease sales including the First Quarter 2021 Wyoming federal oil and gas lease sale;

E. Enter other preliminary or permanent injunctive relief as the State of Wyoming may hereafter specifically seek; and

F. Grant the State of Wyoming such additional relief as the Court deems just and proper to remedy the Secretary's violations of law and to protect the State of Wyoming's interests.

Submitted this 24th day of March, 2021.

FOR THE STATE OF WYOMING

*/s/ Travis Jordan*
James Kaste (Wyo. Bar No. 6-3244)
Deputy Attorney General
Travis Jordan (Wyo. Bar No. 7-5721)
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
james.kaste@wyo.gov
travis.jordan@wyo.gov

*Attorneys for Petitioner State of Wyoming*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of March, 2021, a true and correct copy of the foregoing was served upon the following via United States mail, first class, certified, return receipt requested:

U.S. Department of the Interior
1849 C Street NW
Washington, DC 20240

Bureau of Land Management
706 Horizon Drive
Grand Junction, CO 81506

Honorable Debra Haaland, Secretary
U.S Department of the Interior
1849 C Street NW
Washington, DC 20240

Nada Culver, Acting Director
Bureau of Land Management
706 Horizon Drive
Grand Junction, CO 81506

Kim Liebhauser, Acting Director
U.S. Bureau of Land Management
Wyoming State Office
5353 Yellowstone Road
Cheyenne, WY 82009

U.S. Attorney's Office
Attn: Civil Process Clerk
P.O. Box 668
Cheyenne, WY 82001-0068

Honorable Merrick B. Garland
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

/s/ *Travis Jordan*
Assistant Attorney General