Mark S. Barron
L. Poe Leggette (Wyoming Bar No. 7-4652)
Alexander K. Obrecht (Wyoming Bar No. 7-5542)
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, Colorado 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805
mbarron@bakerlaw.com
pleggette@bakerlaw.com
aobrecht@bakerlaw.com

*Attorneys for Petitioners Western Energy Alliance
& Petroleum Association of Wyoming*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WESTERN ENERGY ALLIANCE and PETROLEUM ASSOCIATION OF WYOMING, <br><br> Petitioners, <br><br> v. <br><br> JOSEPH R. BIDEN, Jr., in his official capacity as President of the United States, DEB HAALAND, in her official capacity as Secretary of the Interior, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br> Respondents. | Civil Case No. 0:21-cv-00013-SWS |

## PETITIONERS' STATEMENT ON PROPOSED STAY OF PROCEEDINGS

Petitioners Western Energy Alliance and Petroleum Association of Wyoming submit respectfully this statement responsive to the Court's order directing the parties to address "a potential stay of these proceedings in light of the preliminary injunction issued in the Western District of Louisiana." Order for Ltd. Briefing on Stay of Proceedings, filed June 16, 2021 (ECF

No. 55) (referencing *Louisiana v. Biden*, No. 2:21-cv-778, 2021 WL 2446010 (W.D. La. June 15, 2021)). Given the overlap between the interim relief the court in *Louisiana* granted and the interim relief Petitioners request in Petitioners' pending motion for preliminary injunction here, *see* Pet'rs' Mot. for Prelim. Inj., filed May 10, 2021 (ECF No. 41) ("Pet'rs' Mot."), Petitioners believe the Court can temporarily defer ruling on the motion for preliminary injunction, at least until federal Respondents clarify the steps they intend to take to comply with the order in *Louisiana*. Petitioners contend, however, that a general "stay of proceedings" is both unnecessary and prejudicial and request that the parties be allowed to proceed expeditiously to the case's merits.

I.  **TEMPORARILY DEFERRING A RULING ON PETITIONERS' MOTION FOR A PRELIMINARY INJUNCTION IS REASONABLE.**

On May 10, 2021, Petitioners filed their motion for preliminary injunction pending presently before the Court. Petitioners' motion explains that: (i) federal Respondents' cancellation of oil and gas lease sales scheduled for the first and second quarter of 2021 for reasons other than a lack of eligible and available parcels violates the Mineral Leasing Act; and (ii) the cancellations were inadequately explained as a matter of administrative law. Petitioners' motion demonstrates that eligible and available parcels existed at the time federal Respondents cancelled the first quarter and second quarter onshore oil and gas lease sales and requests that the Court order BLM to reinstate the cancelled first and second quarter lease sales and direct BLM to adopt revised lease sale schedules that comply with the terms of the Mineral Leasing Act and other applicable law.

On June 15, 2021, the court in *Louisiana* issued its order granting a nationwide injunction. Pertinent to this action, the court in *Louisiana* determined that the petitioners in that case were likely to prevail on the merits of their claim that a "pause" of lease sales for "eligible lands under the [Mineral Leasing Act]" was impermissible. *Louisiana*, 2021 WL 2446010, at *13 ("The discretion to pause a lease sale to eligible lands is not within the discretion of the agencies by law

under . . . [the Mineral Leasing Act]."). The *Louisiana* court specifically referenced the cancellation of the same individual oil and gas lease sales referenced in Petitioners' motion in this case, *see* Pet'rs' Mot. at 7-11, as examples of cancellations that violated controlling law. *See Louisiana*, 2021 WL 2446010, at *16 (documenting onshore lease sales scheduled for March and April 2021 that were improperly cancelled). As a result, the court in *Louisiana* enjoined federal Respondents from "implementing the Pause of new oil and natural gas leases on public lands . . . as to all eligible lands, both onshore, and offshore." *Id.* at *22.

To comply with the plain language of the *Louisiana* opinion, federal Respondents will be required to immediately reinstate all oil and gas lease sales that were cancelled for any reason other than a lack of eligible and available parcels (including, as described in the opinion, all sales scheduled for the first and second quarter of 2021). Because that is the same relief requested in Petitioners' pending preliminary injunction motion, Petitioners believe that it would be reasonable for this Court to *temporarily* defer ruling on Petitioners' motion.[1]

## II.  PROCEEDINGS ON THE MERITS SHOULD CONTINUE.

The decision in *Louisiana* constitutes a ruling on a motion for interim relief. The motion neither decides the merits of the *Louisiana* suit nor provides any permanent relief to petitioners in that action or Petitioners here. And while there is certainly overlap between the *Louisiana* case and this suit, there are also material differences, both factually and legally. While the *Louisiana*

---

[1] Petitioners emphasize that any deferral must be regarded as temporary because, while federal Respondents have indicated that they intend to comply with the order in *Louisiana*, as of the date of this filing, federal Respondents have not offered any information concerning *how* they intend to comply or identified *when* the lease sales process will resume for the cancelled sales. While Petitioners will take federal Respondents' at their word for now, should federal Respondents take some action other than the reinstatement and expeditious completion of the cancelled lease sales (including filing an interlocutory appeal of the *Louisiana* decision), Petitioners reserve the right to request the Court re-open proceedings on Petitioners' motion for a preliminary injunction and rule on the motion.

case involves both offshore and onshore leasing, Petitioners' suit here is focused on onshore leasing exclusively. While petitioners in *Louisiana* appear to advance a direct challenge to the issuance of Executive Order 14008 and the Biden Administration's decision to "pause" the federal leasing program, Petitioners here focus on the cancellation of individual oil and gas lease sales in violation of the Mineral Leasing Act. Because the factual predicate and legal theories in the two suits are less than identical, it is unlikely that the resolution of one suit will fully obviate the need for the other to be resolved.

Equally important, the parties here are poised to proceed to the merits of the action. Under this Court's local rules, federal Respondents must lodge the administrative record for this action no later than today, June 23, 2021. *See* Local Rule 83.6(b)(2) (requiring responding agency to submit the administrative record within ninety days of the date of proper service).[2] So subject to any objections or motions to supplement that record, Petitioners are prepared to immediately address the merits, allowing the Court to permanently resolve the dispute this case presents. Because no aspect of the *Louisiana* decision – which grants only interim relief – eliminates the need for the Court to resolve the merits of Petitioners' claims, the Court should deny any request for a stay of proceedings and allow the parties to proceed expeditiously to the merits phase of this suit.

### III.     CONCLUSION.

Because the plain language of the order in *Louisiana* appears to afford Petitioners the interim relief Petitioners request in Petitioners' pending motion for a preliminary injunction, the Court may temporarily defer ruling on that motion, at least until federal Respondents clarify the method by which federal Respondents intend to comply with the *Louisiana* order. Because the

---

[2] Petitioners completed service of Petitoners' operative complaint on the last Respondent on March 25, 2021. *See* Notice of Filing of Decl. of Service, filed June 10, 2021 (ECF No. 53).

Order does not, however, resolve the merits of this action, the Court should deny any request for a broader stay of proceedings and allow the parties to proceed immediately to the merits phase of this suit.

Submitted respectfully this 23rd day of June, 2021,

/s/ Mark S. Barron
Mark S. Barron
L. Poe Leggette
Alexander K. Obrecht
BAKER & HOSTETLER LLP.
1801 California Street, Suite 4400
Denver, Colorado 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805
mbarron@bakerlaw.com
pleggette@bakerlaw.com
aobrecht@bakerlaw.com

*Attorneys for Western Energy Alliance & Petroleum Association of Wyoming*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, a copy of the foregoing **PETITIONERS' STATEMENT ON PROPOSED STAY OF PROCEEDINGS** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Mark S. Barron*
Mark S. Barron

4841-9930-7248.2