Mark S. Barron
L. Poe Leggette (Wyoming Bar No. 7-4652)
Alexander K. Obrecht (Wyoming Bar No. 7-5542)
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, Colorado 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805
mbarron@bakerlaw.com
pleggette@bakerlaw.com
aobrecht@bakerlaw.com

*Attorneys for Petitioners Western Energy Alliance
& Petroleum Association of Wyoming*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| WESTERN ENERGY ALLIANCE and PETROLEUM ASSOCIATION OF WYOMING, <br><br> Petitioners, <br><br> v. <br><br> JOSEPH R. BIDEN, Jr., in his official capacity as President of the United States, DEB HAALAND, in her official capacity as Secretary of the Interior, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br> Respondents. | Civil Case No. 0:21-cv-00013-SWS |

### REQUEST FOR HEARING

Petitioners Western Energy Alliance and the Petroleum Association of Wyoming (collectively "Petitioners") submit respectfully this request for a hearing under Local Rule 7.1(a)

to address the merits of Petitioners' action. On October 19, 2021, the parties completed briefing on the merits and submitted the case to the Court. At that time, Petitioners did not request a hearing on the merits or seek expedited consideration given the federal Respondents' representation to the public and numerous federal courts (including this Court) that the Department of the Interior intended to comply with the terms of the preliminary injunction that United States District Court for the Western District of Louisiana issued on June 16, 2022. *See Louisiana v. Biden*, 543 F. Supp. 3d 388 (W.D. La. 2021) ("*Louisiana I*"). That representation was false.

As of the date of this filing, the Bureau of Land Management ("BLM") has not conducted a single on-shore oil and gas lease sale and has recently abandoned any pretense that the agency intends to conduct sales in the foreseeable future. To the contrary, federal Respondents have admitted that they are intentionally delaying lease sales so that BLM may revise social cost of carbon analyses prepared as part of the National Environmental Policy Act ("NEPA") reviews for the lease sales, despite BLM having no obligation to conduct such analyses in the first instance. Because federal Respondents have acknowledged that they have no intention to cease violating the Mineral Leasing Act, a hearing on the full merits of this suit is now necessary and appropriate.[1]

**I.    RELEVANT PROCEDURAL BACKGROUND.**

1. On May 10, 2021, Petitioners filed a motion for preliminary injunction requesting that the Court order BLM to reinstate cancelled oil and gas leases that had been scheduled to take place in the first and second quarter of 2021 and to direct BLM to adopt revised lease sale schedules

---

[1] The State of Wyoming requested a hearing at the completion of briefing on the merits. *See* Reply Br. in Supp. of Wyo.'s Pet. for Review of Final Agency Action (Cover Page), filed Oct. 19, 2021 (ECF No. 98). Wyoming's counsel advises Petitioners' counsel that Wyoming supports Petitioners' request for a hearing in light of BLM's failure to hold any quarterly lease sale in Wyoming.

that comply with the terms of the Mineral Leasing Act and other applicable law. *See* Pet'rs' Mot. for Prelim. Inj. at 1, filed May 10, 2021 (ECF No. 41).

2. On June 15, 2021, the United States District Court for the Western District of Louisiana granted a nationwide injunction that prohibits federal Respondents from maintaining any "pause" of oil and gas lease sales. *See Louisiana*, 543 F. Supp. 3d at 419 (enjoining federal Respondents from "implementing the Pause of new oil and natural gas leases on public lands . . . as to all eligible lands, both onshore, and offshore"). The *Louisiana* court specifically referenced the cancellation of the same individual oil and gas lease sales Petitioners have identified in this case as examples of cancellations that violated controlling law. *See id.* at 411-12 (documenting onshore lease sales scheduled for March and April 2021 that were improperly cancelled).

3. On June 16, 2021, the Court directed the parties to address "a potential stay of [proceedings on Petitioners' motion for a preliminary injunction] in light of the preliminary injunction issued in the Western District of Louisiana." Order for Ltd. Briefing on Stay of Proceedings at 2, filed June 16, 2021 (ECF No. 55) (referencing *Louisiana I*). On June 23, 2021, Petitioners advised the Court that Petitioners believed the Court could "*temporarily* defer ruling on the motion for preliminary injunction, at least until federal Respondents clarify the steps they intend to take to comply with the order in [*Louisiana I*]." Pet'rs' Statement on Proposed Stay of Proceedings at 2, filed June 23, 2021 (ECF No. 61) (emphasis added). Petitioners emphasized, however, that any deferral must be regarded as temporary, explaining that

> while federal Respondents have indicated that they intend to comply with the order in [*Louisiana I*], as of the date of this filing, federal Respondents have not offered any information concerning *how* they intend to comply or identified *when* the lease sales process will resume for the cancelled sales. While Petitioners will take federal Respondents at their word for now, should federal Respondents take some action other than the reinstatement and expeditious completion of the cancelled lease sales

- 3 -

> (including filing an interlocutory appeal of the [*Louisiana I*] decision), Petitioners reserve the right to request the Court re-open proceedings on Petitioners' motion for a preliminary injunction and rule on the motion.

*Id.* at 3 n.1.

4. Despite the injunction order in *Louisiana I*, federal Respondents have not reinstated any cancelled oil and gas lease sales. To the contrary, on July 27, 2021, the Secretary of the Interior testified that, notwithstanding the order in *Louisiana I*, the pause on federal leasing was still in effect. *See* Full Comm. Hr'g to Examine the President's FY 2022 Budget Request for the Dep't of the Interior: Hr'g Before the Sen. Comm. on Energy & Nat. Res. (July 27, 2021) (Oral testimony of Hon. Debra Haaland at 1:18:59-1:19:08) ("You can say that as soon as, you know, one lease sale happens that the pause is over."); *id.* at 1:19:19-1:19:31 ("Well, technically, I suppose you could say the pause is still in place.").

5. On August 24, 2021, federal Respondents advised the court in *Louisiana I* that they had no intention of reinstating or conducting the 2021 lease sales that have already been cancelled. Federal Respondents represented instead that BLM State Offices had been directed "to finalize parcel lists for upcoming sales, in order to publicly post those parcel lists for NEPA scoping by August 31, 2021." Defs.' Mem. in Opp'n to Pls.' Mot. for Order to Show Cause & Compel Compliance with Prelim. Inj. at 5, *Louisiana v. Biden*, No. 2:21-cv-00778-TAD-KK (W.D. La. Aug. 24, 2021), ECF No. 155 ("Gov't's La. Br."). "Following scoping, BLM anticipate[d] publishing draft NEPA documents for public comment in October 2021, followed by a notice of sale published in December 2021." *Id.*

6. On October 29, 2021, BLM announced that, "over the coming days," BLM State Offices would "issue draft environmental assessments ["EAs"] . . . to solicit feedback from the

- 4 -

public, Tribes, and state agencies regarding proposed oil and gas lease sales to be held in early 2022." Bureau of Land Mgmt., Press Release, *Bureau of Land Mgmt. Announces Next Steps, New Analyses for Upcoming Oil & Gas Lease Sales* (Oct. 29, 2021).[2] Between October 29 and December 8, 2021, BLM accepted public comments on the draft EAs.

7. BLM has not finalized the environmental documents prepared for any sale the agency purported to be planning for 2022.

8. On February 11, 2022, in a separate challenge related to the federal government's use of the social cost of carbon protocol in environmental reviews conducted under NEPA, the United States District Court for the Western District of Louisiana issued a preliminary injunction, precluding federal agencies from, among other restrictions, relying on the estimates and calculations of the Interagency Working Group ("IWG") when monetizing the value of impacts from greenhouse gas emissions attributable to federal actions (the "February 11 Injunction"). *See Louisiana v. Biden*, No. 2:21-CV-01074, 2022 WL 438313 (W.D. La. Feb. 11, 2022) ("*Louisiana II*").

9. On February 14, 2022, federal Respondents missed the regulatory deadline to issue notice for any lease sale to be conducted in the first quarter of 2022. *See* 43 C.F.R. § 3120.4-2 (requiring public notice of lands to be auctioned at least forty-five days in advance of an oil and gas lease sale).

10. On February 16, 2022, federal Respondents filed a motion for stay of the February 11 Injunction. *See* Mem. in Supp. Of Defs.' Mot. for Stay Pending Appeal, *Louisiana v. Biden*,

---

[2] Available at: https://www.blm.gov/press-release/bureau-land-management-announces-next-steps-new-analyses-upcoming-oil-and-gas-lease (last visited Mar. 7, 2022).

4880-9288-2449.4

No. 2:21-CV-01074-JDC-KK (W.D. La. Feb. 16, 2022), ECF No. 103-1. In support of the motion, federal Respondents submitted the Declaration of Dominic J. Mancini, Deputy Administrator of the Office of Information and Regulatory Affairs of the Office of Management and Budget – an office within the Executive Office of the President. *See* Decl. of Dominic J. Mancini Submitted in Supp. of Defs. Mot. for Stay Pending Appeal, *Louisiana v. Biden*, No. 2:21-CV-01074-JDC-KK (W.D. La. Feb. 19, 2022), ECF No. 104. Mancini's declaration implies that the February 11 Injunction precludes BLM from finalizing environmental reviews that were prepared in association with the lease sales that BLM had represented would occur in the first quarter of 2022. *See id.* ¶ 21. More specifically, Mancini's declaration suggests that, because BLM included social cost of carbon analyses incorporating the IWG estimates in the NEPA documents prepared for those lease sales, the NEPA documents for the lease sales could not be finalized at this time. *See id.*

## II.   FEDERAL RESPONDENTS' ONGOING VIOLATION.

Petitioners will not repeat here arguments addressing the illegality of federal Respondents' ongoing failure to hold statutorily required quarterly lease sales. The merits of that issue are fully briefed and would be the subject of the hearing Petitioners now request.

Petitioners emphasize, however, that federal Respondents must not be allowed to use the February 11 Injunction as an excuse to delay promised lease sales; the February 11 Injunction has no impact on BLM's ability to complete NEPA documents prepared for those sales. NEPA does not require any monetization of impacts. *See* 40 C.F.R. § 1502.22 ("[A]gencies need not display the weighing of the merits and drawbacks of the various alternatives in a monetary cost-benefit analysis and should not do so when there are important qualitative considerations."). And federal courts have consistently rejected any attempt to characterize the application of the social cost of

carbon protocol as an obligatory part of a federal agency's NEPA analysis. *See*, *e.g.*, *WildEarth Guardians v. Bernhardt*, 501 F. Supp. 3d 1192, 1211-12 (D.N.M. 2020) (holding that BLM was not required to apply the social cost of carbon protocol in evaluating climate change impacts associated with three oil and gas lease sales in New Mexico); *Citizens for a Healthy Cmty. v. U.S. Bureau of Land Mgmt.*, 377 F. Supp. 3d 1223, 1240 (D. Colo. 2019) (rejecting assertion that BLM was required to use the social cost of carbon to evaluate climate change impacts and emphasizing that "it is within [the agency's] discretion to decide when to analyze an effect quantitatively or qualitatively"); *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 78-79 (D.D.C. 2019) (holding that BLM's decision not to conduct a social cost of carbon analysis in association with oil and gas lease sales did not constitute a violation of NEPA); *W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*, No. CV-16-21-GF-BMM, 2018 WL 1475470, at *14 (D. Mont. Mar. 26, 2018) (emphasizing that notwithstanding any potential "benefits of the social cost of carbon protocol, NEPA does not require a cost-benefit analysis"); *WildEarth Guardians v. Jewell*, No. 1:16-cv-00605-RJ, 2017 WL 3442922, at *12 (D.N.M. Feb. 16, 2017) ("CEQ guidance specifically states that agencies need not use the social cost of carbon method to evaluate GHG emissions."). Federal Respondents' implication that BLM *cannot* proceed with oil and gas lease sales because of the February 11 ruling in *Louisiana II* cannot be reconciled with these authorities.

Contrary to the inference federal Respondents would have both the public and this Court draw, the February 11 Injunction does not impose any legal constraint on BLM's ability to complete NEPA work for any project or constrain the federal Respondents' legal authority to conduct oil and gas lease sales. Federal Respondents' suggestion to the contrary is inaccurate and

- 7 -

pretextual. Because federal Respondents' conduct since last June has amplified the importance of resolving this case, Petitioners request a hearing on the merits of Petitioners' claims.

### III.     CONCLUSION.

The cancellation and indefinite postponement of federal oil and gas lease sales is contrary to law and represents an ongoing harm to Petitioners. Because federal Respondents have not only failed to meet statutorily imposed leasing deadlines but have also acknowledged that they do not intend to meet those deadlines in the future, Petitioners request that this Court set a hearing so that the full merits of this suit can be submitted for decision as expeditiously as possible.

Submitted respectfully this 10th day of March, 2022,

>  */s/ Mark S. Barron*
>  Mark S. Barron
>  L. Poe Leggette
>  Alexander K. Obrecht
>  BAKER & HOSTETLER LLP.
>  1801 California Street, Suite 4400
>  Denver, Colorado 80202
>  Telephone: 303.861.0600
>  Facsimile: 303.861.7805
>  mbarron@bakerlaw.com
>  pleggette@bakerlaw.com
>  aobrecht@bakerlaw.com
>
>  *Attorneys for Western Energy Alliance & Petroleum Association of Wyoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2022, a copy of the foregoing **REQUEST FOR HEARING** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Mark S. Barron*
Mark S. Barron

4880-9288-2449.4